UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Terry Richards,<br><br>                    Plaintiff,<br><br>vs.<br><br>Tom Roy, Kathryn Halvorson, Nola Karow, Nanette Larson, Jody Ohnstad, Rhonda Thompson, Centurion of Minnesota, David Paulson, Darin Haugland, Itasca Grand County Jail, Itasca Grand Clinic Hospital,<br><br>                    Defendants. | Civil File No. 18-cv-1201 (JNE/DTS)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS ROY, HALVORSON, KAROW, LARSON, OHNSTAD, THOMSON, AND PAULSON'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

## INTRODUCTION

Plaintiff Terry Richards brought this action pursuant 42 U.S.C. § 1983 in which he appears to allege deliberate indifference to his medical needs in violation of the Eighth Amendment, violations of the Americans with Disabilities Act and Rehabilitation Act (referred to collectively as "ADA"), and various state tort claims. Plaintiff sued Tom Roy, Commissioner of the Minnesota Department of Corrections ("DOC"); Kathryn Halvorson, warden at the Minnesota Correctional Facility-Faribault ("MCF-Faribault"); Nola Karow, Associate Director of Nursing for the DOC; Nanette Larson, Health Services Director for the DOC; Jody Ohnstad, Nursing Supervisor; Rhonda Thomson, Nursing Supervisor; and David Paulson, medical director for the DOC ("DOC Defendants"), in their official and individual capacities. Because Plaintiff's complaint

fails to state a claim upon which relief can be granted, all claims against DOC Defendants should be dismissed.

## FACTS ALLEGED[1]

On February 2, 2015, Plaintiff was committed to the DOC following his guilty plea to manslaughter in the second degree in violation of Minn. Stat. § 609.205(1).[2] Plaintiff was in DOC custody from February 9, 2015, to July 2, 2018. (ECF 1 at 6.)[3] While Plaintiff was in the Itasca County Jail, prior to his incarceration with the DOC, he developed an abscess between his abdominal muscles that was drained twice and then required surgery. (*Id*. at 5.) During the surgery, which occurred on December 14, 2014, the hernia mesh from a prior surgery was removed. (*Id*.) Plaintiff was transported to the Grand Itasca Hospital for surgery. (*Id*.) Upon his return to the Itasca County Jail, he failed to receive pain medication to alleviate the residual pain from his surgery. (*Id*.) In January 2015, Plaintiff had complications from the surgery resulting in infection. (*Id*. at 5-6.) Plaintiff was not examined by a physician until he was placed in the custody of the DOC on February 9, 2015. (*Id*. at 6.) Plaintiff appears to assert that, during this time in jail, medical staff were negligent in their failure to provide him medical attention resulting in pain, suffering, and permanent injury. (*Id*.)

---

[1] As this is a motion to dismiss, the facts asserted are accepted as true for the purposes of this motion, but DOC Defendants reserve the right to deny the factual allegations should this case progress.

[2] *See* Itasca County criminal court file 31-CR-14-2694.

[3] The factual allegations in Plaintiff's complaint are not contained in numbered paragraphs, and the pages of the complaint are not in sequential order. Citations to the complaint therefore reference the ECF page number.

While in DOC custody, Plaintiff's wound again became infected and Plaintiff was treated by a doctor. (*Id*. at 6-7.) In May 2015, Plaintiff was transported to St. Joseph Hospital[4] for surgery and to remove the hernia mesh. (*Id*. at 7.) The St. Joseph's surgeon failed to remove all the mesh resulting in another infection. (*Id*.) As a result of the spread of that infection, another St. Joseph's surgeon had to remove Plaintiff's left testicle. (*Id*.) Following his surgeries, Plaintiff was placed in the recovery unit at MCF-Oak Park Heights. (*Id*.)

In August 2015, Plaintiff was moved to MCF-Faribault. (*Id*.) While at MCF-Faribault Plaintiff was required to walk one-third of a mile four times a day. (*Id*.) As a result of his walking, Plaintiff developed another infection. (*Id*.) At that time, Plaintiff requested a wheelchair from DOC Defendant Jody Ohnstad. (*Id*.) Plaintiff received the wheelchair the following week. (*Id*.)

In November 2015, Plaintiff's wound again became infected. (*Id*. at 8.) Plaintiff appears to assert that "the health service nurse" should have requested permission to transport him to the hospital. (*Id*.) Plaintiff appears to assert that he was transferred to a "special need unit" later than he should have because a "health service supervisor" falsely claimed he did not meet the criteria for the unit. (*Id*.) Plaintiff was then transferred to MCF-Oak Park Heights for treatment, and then to a MCF-Faribault unit that lacked air conditioning and exacerbated his COPD. (*Id*. 8-9.)

---

[4] St. Joseph Hospital is not a named defendant in these proceedings.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). Though the court must accept as true all factual allegations of a complaint when considering a motion to dismiss, legal conclusions and "threadbare recitations of truth" are not entitled to the presumption of truth. *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). The court must dismiss a complaint when the complaint does not allege "enough facts to state a claim to relief that is plausible on its face" rather than merely "conceivable." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 571 (2007).

"To state a claim under § 1983, the plaintiff must plead that a government official has personally violated his constitutional rights." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Iqbal*, 556 U.S. at 676). This requires allegations that "each defendant was personally involved in the deprivation of constitutional rights." *Id.* This means Plaintiff must allege each individually named Defendant's personal involvement in the asserted violations with "more than labels and conclusions, and a formulistic recitation of the elements of a cause of action will not do." *See Twombly*, 550 U.S. at 555.

## ARGUMENT

Plaintiff fails to state a claim against DOC Defendants. Plaintiff's official capacity claims are barred by the Eleventh Amendment, he fails to allege sufficient personal involvement of any Defendant to establish an individual capacity claim under section 1983, and he does not allege a cognizable ADA claim. The crux of Plaintiff's

complaint appears to be related to circumstances surrounding his chronic infections that occurred before he was in DOC custody and the alleged malpractice of a surgeon who is not a party to this litigation.  For these reasons, Plaintiff's complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

I. **PLAINTIFF FAILS TO ALLEGE A COGNIZABLE CLAIM AGAINST DOC DEFENDANTS IN THEIR OFFICIAL CAPACITIES.**

Plaintiff names all DOC Defendants in their individual and official capacities.  An official capacity claim against a state employee is a claim against the state.  *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  Under the Eleventh Amendment a state, its agencies, and its departments are immune from suits brought by citizens in federal court.  *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984).  The Eleventh Amendment therefore precludes Plaintiff's official capacity claims.

There is an exception to Eleventh Amendment immunity that permits federal courts to grant prospective relief against state officials to enjoin their future compliance with federal law.  *See Ex parte Young*, 209 U.S. 123 (1908); *Pennhurst*, 465 U.S. at 104; *Edelman v. Jordan*, 415 U.S. 651, 664 (1974).  Though Plaintiff's complaint summarily requests injunctive relief, it does not articulate any specific prospective injunctive relief he is seeking.  Moreover, even if Plaintiff did name an appropriate state official with the ability to change or implement a policy in violation of federal law, Plaintiff is no longer in DOC custody (*see* ECF 1 at 5), and therefore any such claim would be moot.  For these reasons, the *Ex parte Young* exception to Eleventh Amendment immunity is inapplicable to Plaintiff.

## II. PLAINTIFF FAILS TO ALLEGE SUFFICIENT PERSONAL INVOLVEMENT OF DOC DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES TO ESTABLISH A COGNIZABLE SECTION 1983 CLAIM.

Plaintiff fails to allege sufficient personal involvement of any named DOC Defendant in an alleged constitutional violation to maintain a cognizable individual capacity claim under section 1983. "Section 1983 liability is personal." *Dahl v. Weber*, 580 F.3d 730, 733 (8th Cir. 2009). Personal involvement of a named defendant is therefore an essential element of a section 1983 action because the doctrine of respondeat superior does not apply to section 1983 claims. *Lenz v. Wade*, 490 F.3d 991, 995 (8th Cir. 2007). Only state officials who are directly and personally involved in the deprivation of constitutional rights can be found liable. *Rizzo v. Goode*, 423 U.S. 362, 376-77 (1976). "[E]ach defendant's conduct must be independently assessed." *Wilson v. Northcutt*, 441 F.3d 586, 591 (8th Cir. 2006). Mere negligence in failing to detect or prevent misconduct is insufficient. *Ripson v. Alles*, 21 F.3d 805, 809 (8th Cir. 1994). Nor can a plaintiff rest on a bald allegation that a defendant knew or should have known of a constitutional violation. *Boyd v. Knox*, 47 F.3d 966, 968 n.1 (8th Cir. 1995).

Plaintiff only names one DOC Defendant in the entire section of his complaint that contains factual allegations (*see* ECF 1 at 5-9), and the allegations with respect to that DOC Defendant do not provide even an inference of constitutional misconduct.[5] Each

---

[5] Plaintiff appears to allege that he sent a kite to Defendant Jody Ohnstad in August of 2015 requesting a wheelchair which he received the following week. (ECF 1 at 7.)

DOC Defendant is entitled to notice of the precise constitutional framework and nature of the allegations against them, and Plaintiff's complaint cannot survive on no more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  As Plaintiff's complaint fails to identify specific unconstitutional conduct, or attribute that conduct to any named DOC Defendant, the individual actions of each DOC Defendant cannot be independently assessed and his individual capacity claims fail as a matter of law.

### III.  PLAINTIFF FAILS TO ALLEGE A COGNIZABLE ADA CLAIM.

Claims under ADA and section 504 or the Rehabilitation Act are interchangeable for analytical purposes. *Bahl v. County of Ramsey*, 695 F.3d 778, 783 (8th Cir. 2012), citing *Randolph v. Rodgers,* 170 F.3d 850, 858 (8th Cir. 1999).  To assert a valid ADA claim, a plaintiff needs to allege three elements: "(1) he is a person with a disability as defined by statute; (2) he is otherwise qualified for the benefit in question; and (3) he was excluded from the benefit due to discrimination based on disability." *Randolph,* 170 F.3d at 858.  Plaintiff's complaint fails to allege any of the elements of a valid ADA claim. Plaintiff does not allege that he has a statutorily defined disability, he does not allege he is entitled to any particular benefit, and he does not allege he was excluded from that benefit by virtue of his disability.

At best, Plaintiff's complaint alleges he received improper medical treatment.  It is well settled that an allegation of improper medical treatment cannot form the basis of an

ADA claim. *Shelton v. Arkansas Dep't of Human Servs.*, 677 F.3d 837, 843 (8th Cir. 2012) ("The district court correctly held that a claim based upon improper medical treatment decision may not be brought pursuant to either the ADA or the Rehabilitation Act."); *Burger v. Bloomberg*, 418 F.3d 882, 883 (8th Cir. 2005) (per curiam) ("[A] lawsuit under the Rehab Act or the Americans with Disabilities Act cannot be based on medical treatment decisions . . . ."). For these reasons, Plaintiff's ADA claim must fail.

## IV. THE COURT SHOULD DECLINE TO EXERCISE ITS SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE TORT CLAIMS.

The Court should decline to exercise supplemental jurisdiction over Plaintiff's state tort claims. Courts routinely decline to exercise supplemental jurisdiction when all federal claims are dismissed. *See Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006); *Stokes v. Lokken*, 644 F.2d 779, 785 (8th Cir. 1981) ("[W]hen federal claims are dismissed before trial, the normal practice is to dismiss pendent [state law] claims."), *overruled on other grounds by Pinter v. Dahl*, 486 U.S. 622 (1988); *Magee v. Hamline Univ.*, 1 F.Supp.3d 967, 977-78 (D. Minn. 2014) ("Courts should exercise judicial restraint and avoid state law issues wherever possible.'" (quoting *Thomas v. Dickel*, 213 F.3d 1023, 1026 (8th Cir. 2000))). Because Plaintiff fails to establish a cognizable federal claim, the Court should decline to exercise its supplemental jurisdiction over Plaintiff's state tort claims.

## CONCLUSION

For the foregoing reasons, pursuant to Fed. R. Civ. P. 12(b)(6), the Court should grant DOC Defendants' motion to dismiss and dismiss Plaintiff's complaint with prejudice.

Dated:  August 9, 2018

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL
State of Minnesota

s/ Steven R. Forrest
STEVEN R. FORREST
Assistant Attorney General
Atty. Reg. No. 0390798

445 Minnesota Street, Suite 900
St. Paul, MN 55101-2127
(651) 757-1345 (Voice)
(651) 297-4139 (Fax)
steven.forrest@ag.state.mn.us

ATTORNEY FOR DEFEDANTS ROY, HALVORSON, KAROW, LARSON, OHNSTAD, THOMSON, AND PAULSON.