UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TERRY RICHARDS,                          CASE NO. 18-CV-1201 (NEB/DTS)

      Plaintiff,

v.                                       **<u>REPORT AND RECOMMENDATION</u>**

TOM ROY, KATHRYN HALVORSON,
NOLA KAROW, NANETTE LARSON,
JODY OHNSTAD, RHONDA THOMPSON,
CENTURION OF MINNESOTA, DAVID PAULSON
DARIN HAUGHLAND, ITASCA GRAND COUNTY JAIL
ITASCA GRAND CLINIC HOSPITAL,

      Defendants.

---

Terry Richards, 1420 NW Fourth Street #123, Grand Rapids, Minnesota 55744, Pro Se Plaintiff.

Steven Forrest, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 900, St. Paul, Minnesota 55101, for Defendants.

---

## INTRODUCTION

While an inmate with the Minnesota Department of Corrections, Plaintiff Terry Richards sued the various named Defendants for violating his constitutional rights. The Defendants moved to dismiss the lawsuit in August 2018. Four months later, Richards has not responded to the motion. Given this posture, the Court is unwilling to address the merits of Defendants' motion. Instead, the Court recommends dismissing Richards's Complaint without prejudice for failure to prosecute the case.

**FINDINGS OF FACT**

Richards commenced this lawsuit in May 2018, alleging that Defendants violated his Eighth, Fifth, and Fourteenth Amendment rights, as well as several federal statutes. Compl. 1, Docket No. 1.[1] He alleges that, while incarcerated, he was frequently denied necessary medical treatment for an abscess in his abdomen. When treatment was provided, he avers that it was inadequate or even detrimental, leading to infection and other health problems. Not long after filing the action, Richard was released from prison. Letter to the Court, Sept. 14, 2018, Docket No. 26.

In August 2018, after all Defendants were served, they moved to dismiss the action for failing either to state a claim or sufficiently allege any individual defendant's personal involvement. Mot. to Dismiss Pl.'s Compl., Docket No. 18; Mem. of L. in Supp. Mot. to Dismiss, Docket No. 19. The Court issued a briefing order giving Richards until September 28, 2018, to respond. Order, Aug. 30, 2018, Docket No. 24. A mailed copy of the order was returned as undeliverable. Envelope (received Sept. 12, 2018), Docket No. 25.

Defendants' counsel informed the Court by letter that he had spoken with Richards and that Richards had given counsel a new mailing address. Letter to the Court, Sept. 14, 2018, Docket No. 26. A copy of the briefing order was mailed to the new address. Since then, the Court has heard nothing further from Richards.

---

[1] Richards's Complaint begins with a three-page table of contents and authorities, which he separately numbered. Any pinpoint citations to the Complaint refer to the pages beginning with the statement of facts.

## CONCLUSIONS OF LAW

Because Richards has failed to substantively respond, the Court will not reach the merits of Defendants' motion to dismiss. However, it is appropriate to dismiss this action without prejudice based upon Richards's failure to prosecute the action.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power.'" *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962). Unless stated in the order, dismissal under 41(b) is considered to be with prejudice. Fed. R. Civ. P. 41(b). The Eighth Circuit has cautioned against dismissing a claim with prejudice under Rule 41(b) unless there has been "willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Givens v. A.H. Robins Co., Inc.*, 751 F.2d 261, 263 (8th Cir. 1984). Instead, a court should "consider whether a less severe sanction could remedy the effect of the litigant's transgressions." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). However, prior admonition or warning is not required before dismissal. *Id.*

Richards's conduct satisfies the requirement for dismissal under Fed. R. Civ. P. 41(b). Since serving Defendants, Richards has been unresponsive and apparently uninterested in prosecuting his action. He knows Defendants moved to dismiss the Complaint, as he spoke to their counsel and declined to voluntarily dismiss the case. Meet and Confer Statement, Docket No. 20. Yet, he has not responded substantively to the motion. Richards also failed to provide the Court with an updated mailing address, instead relying on defense counsel to communicate that information. Because the second mailing

3

was not returned, the Court must assume that Richards received a copy of the briefing order no later than the end of September. Having not contacted the Court to request an extension of time, Richards has ignored the order's deadlines. Given Richards's apparent disinterest in moving forward, it is unclear what sanction short of dismissal would prompt him to respond.

Although the Complaint should be dismissed, the dismissal should be without prejudice. Richards has failed to prosecute the action, but it does not appear that he persistently files lawsuits only to abandon them. If Richards believes he has a legitimate claim, he may refile his lawsuit and actively pursue it. Dismissing without prejudice strikes the proper balance between controlling the Court's docket and ensuring Richards may have access to justice. *See Hunt*, 203 F.3d at 527.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1.    Plaintiff Terry Richards's Complaint [Docket No. 1] be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(b); and

2.    Defendants' Motion to Dismiss [Docket No. 18] be DENIED AS MOOT.


Dated: December 18, 2018

                                        s/David T. Schultz_____
                                        DAVID T. SCHULTZ
                                        United States Magistrate Judge


## <u>NOTICE</u>

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

4

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).